Carlos Borges,

                    Plaintiff,

        – against–

MarketPlace Loan Trust,

                    Defendant(s).

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Carlos Borges (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendant MarketPlace Loan Trust ("MarketPlace"), hereby alleges:

1. This is an action for damages brought by an individual consumer for Defendant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"), breach of contract, and breach of the implied covenant of good faith and fair dealing. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Carlos Borges, are adults residing in Jacksonville, Florida.

3. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant MarketPlace is a statutory trust, formed under the laws of the State of Delaware, with its registered agent located at 1100 North Market Street, Wilmington, Delaware 19808.

5. Defendant MarketPlace is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within under 28 U.S.C. § 1367.

7. The Court's exercise of personal jurisdiction over Defendants is valid because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. On or about July 4, 2018, Plaintiff was notified that Defendant MarketPlace acquired the account at County Bank ending 2517 and Circleback Lending, Inc ("Circleback") was the account servicer.

10. On or about October 24, 2018, Plaintiff entered into a settlement agreement with Defendant MarketPlace to settle and close Plaintiff's account ending in 2517.

11. Pursuant to the settlement agreement, Plaintiff was required to make twenty-four (24) payments totaling $11,100.00. Settlement Agreement is attached here as **Exhibit A.**

12. Plaintiff made nineteen (19) of the twenty-four (24) payments totaling $8,250.00 with no dispute. Proof of these payments is attached here as **Exhibit B**.

13. Between April 28, 2020, and April 21, 2021, Plaintiff, called Defendant MarketPlace approximately sixteen (16) times and CircleBack Lending, Inc ("CircleBack") three (3)

times to discuss his account. During each call, Defendant MarketPlace failed to locate Plaintiff's account.

14. On April 28, 2020, Plaintiff called Defendant MarketPlace to discuss his 18th payment because it had not cleared yet. Plaintiff provided his account number, social security number and full name to locate his account. However, Defendant MarketPlace communicated to Plaintiff that there was no record of his account in their office.

15. On April 29, 2020, the 18th payment was retrieved and accepted by Defendant MarketPlace.

16. On May 11, 2020, Plaintiff called Defendant MarketPlace to discuss his 19th payment because it had not cleared yet. Defendant MarketPlace transferred Plaintiff to CircleBack to discuss his account. Plaintiff provided his full name, social security number and account number to CircleBack. However, CircleBack also communicated to Plaintiff that his account was unable to be located. Subsequently, Plaintiff called Defendant MarketPlace again to discuss his account and again his account could not be located.

17. On May 28, 2020, the 19th and final payment was retrieved and accepted by Defendant MarketPlace.

18. Beginning on May 31, 2020, Defendant MarketPlace stopped retrieving and accepting the remaining payments under the settlement agreement.

19. On May 31, 2020, the 20th payment was mailed to Defendant MarketPlace and Defendant MarketPlace refused to retrieve or accept the payment.

20. On June 18, 2020, Plaintiff, via his debt settlement representative, called Defendant MarketPlace to discuss his account and Defendant MarketPlace refused to discuss

Plaintiff's account without a power of attorney. Defendant MarketPlace advised Plaintiff to email the power of attorney.

21. Subsequently, Plaintiff sent the power of attorney and his account information to Defendant MarketPlace the same day.

22. Defendant MarketPlace replied to Plaintiff's email and communicated to Plaintiff that again his account was unable to be located. Defendant MarketPlace further advised Plaintiff to call Defendant MarketPlace's Customer Service Team for further assistance.

23. Between June 19, 2020, and June 25, 2020, Plaintiff called Defendant MarketPlace's Customer Service Team three (3) times, and a representative was either unable to take the call or Defendant MarketPlace communicated to Plaintiff that his account could not be located.

24. On June 30, 2020, the 21st payment was mailed to Defendant MarketPlace and Defendant MarketPlace refused to retrieve or accept the payment.

25. On July 2, 2020, Plaintiff called Defendant MarketPlace's Customer Service Team again as requested and Defendant MarketPlace again communicated to Plaintiff that his account could not be located.

26. On September 8, 2020, Plaintiff called Defendant MarketPlace's Customer Service Team as requested and Defendant MarketPlace communicated to Plaintiff again that his account could not be located. Defendant MarketPlace further advised Plaintiff to email them the original creditor statement. Subsequently, Plaintiff sent Defendant MarketPlace the email with the original creditor statement as requested.

27. On September 24, 2020, Plaintiff called Defendant MarketPlace's Customer Service Team as requested and Defendant MarketPlace communicated to Plaintiff again that his account could not be located.

28. On January 8, 2021, Plaintiff called Defendant MarketPlace's Customer Service Team as requested and Defendant MarketPlace communicated to Plaintiff again that his account could not be located. Defendant MarketPlace again advised Plaintiff to send them an email for further assistance locating Plaintiff's account.

29. Between April 5, 2021, and April 21, 2021, Plaintiff called Defendant MarketPlace's three (3) more times and Defendant MarketPlace communicated to Plaintiff again that his account could not be located.

30. During each call, Defendant MarketPlace failed to locate Plaintiff's account in their office, therefore, preventing the Plaintiff from making the remaining payments as per the settlement agreement.

31. Additionally, during each call, Defendant MarketPlace failed to notify client as to where Plaintiff's account could have been relocated to, therefore preventing the Plaintiff from making the remaining payments as per the settlement agreement.

32. On or about May 11, 2021, Plaintiff's counsel sent a letter to Defendant MarketPlace outlining the issue and requesting communication. **Exhibit C**

33. On or about July 15, 2021, Plaintiff's counsel sent another letter to Defendant MarketPlace outlining the issue and requesting communication. **Exhibit D**

34. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

35. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **COUNT 1**

### (Violation of the FDCPA)

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. The above contacts between Defendant MarketPlace and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

38. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

39. Defendant MarketPlace engaged in abusive, deceptive, and unfair collection practices where Defendant MarketPlace continued to collect on this account by retrieving and accepting Plaintiff's 18th and 19th payments, despite Defendant MarketPlace stating they were unable to locate Plaintiff's account in their office.

40. Defendant MarketPlace engaged in abusive, deceptive, and unfair collection practices where Defendant MarketPlace failed to retrieve and accept Plaintiff's 20th and 21st payments pursuant to the settlement agreement.

41. Defendant MarketPlace engaged in abusive, deceptive, and unfair collection practices where Defendant MarketPlace could not locate Plaintiff's account in their office, therefore preventing Plaintiff from making the remaining payments pursuant to the settlement agreement.

42. Defendant MarketPlace engaged in abusive, deceptive, and unfair collection practices where Defendant MarketPlace failed to notify Plaintiff as to where his account has been relocated, therefore preventing Plaintiff from making the remaining payments pursuant to the settlement agreement.

43. Defendant MarketPlace knew or should have known that its actions violated the FDCPA. Additionally, Defendant MarketPlace could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

44. As a result of the above violations of the FDCPA, Defendant MarketPlace is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## COUNT 2

(Breach of Contract)

45. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

46. On or about October 24, 2018, Plaintiff entered into a settlement agreement with Defendant MarketPlace to settle and close Plaintiff's above referenced account ending in 2517.

47. Pursuant to the settlement agreement, Plaintiff was required to make twenty-four (24) payments totaling $11,100.00.

48. Plaintiff made nineteen (19) of the twenty-four (24) payments totaling $8,250.00 with no dispute.

49. Beginning on May 31, 2020, MarketPlace stopped accepting the remaining payments under the settlement agreement.

50. Defendant MarketPlace's actions constitute breach of contract where Defendant MarketPlace accepted only nineteen (19) of Plaintiff's settlement payments pursuant to the settlement agreement.

51. Defendant MarketPlace's actions constitute breach of contract where Defendant MarketPlace failed to retrieve and accept Plaintiff's 20th and 21st payments pursuant to the settlement agreement.

52. Defendant MarketPlace's actions constitute breach of contract where Defendant MarketPlace could not locate Plaintiff's account in their office, therefore preventing Plaintiff from making the remaining payments pursuant to the settlement agreement.

53. As a result of Defendant MarketPlace's breach of contract, Plaintiff has suffered actual and monetary damages.

### COUNT 3

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

54. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

55. Defendant MarketPlace owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered between Defendant MarketPlace, and Plaintiff.

56. By way of the foregoing conduct, Defendant MarketPlace breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

57. Defendant MarketPlace have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

58. Specifically, Defendant MarketPlace owed a duty to Plaintiff to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

59. As a result of Defendant MarketPlace's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendant MarketPlace for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant MarketPlace for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against Defendant MarketPlace for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of contract;

5) That judgment be entered against Defendant MarketPlace for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of the implied covenant of good faith and fair dealing; and

6) That the Court grant such other and further relief as may be just and proper.

Dated: September 7, 2021        Respectfully Submitted,

<u>/s/ Thomas Bellinder</u>
Thomas Bellinder
Law Offices of Robert S. Gitmeid
& Associates, PLLC
30 Wall St., 8th Fl., Ste. 741
New York, NY 10005
Phone: (212) 226-5081
Email: Thomas.B@gitmeidlaw.com
*Attorney(s) for Plaintiff Carlos Borges*